# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER DOUGLAS LOWE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-13-791-M ) |
| TRACY MCCOLLUM, Warden, | ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner, Walter Douglas Lowe, appearing pro se, has filed a Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 [Doc. No. 1] challenging the constitutionality of his state court conviction. Respondent has filed a Response [Doc. No. 12] and Petitioner has filed a Reply [Doc. No. 23]. The matter is now at issue. The matter has been referred by United States District Judge Vicki Miles-LaGrange for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Petition be denied.

## I. Procedural Background

In Case No. CF-2008-5713, District Court of Oklahoma County, State of Oklahoma, Petitioner was convicted of First Degree Manslaughter and sentenced to life imprisonment. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), Case No. F-2010-6, raising the following six grounds for relief:

    1.    The time limitations placed on trial counsel during *voir dire* violated Petitioner's right to due process under federal and state constitutions;

    2.    The discriminatory use of peremptory challenges against minority jurors by the State violated Petitioner's right to a fair trial in violation of federal and state constitutions;

> 3. The State of Oklahoma failed to comply with the Oklahoma Criminal Procedure Code and Okla. Stat. tit. 21, § 701.10 when prosecutors failed to give an adequate summary of Everett Baxter's anticipated expert testimony;
>
> 4. Admission of the testimonial hearsay statements made by Harold Redding violated Petitioner's right to confront witnesses in violation of the federal and state constitutions;
>
> 5. The admission of numerous gruesome photos deprived Petitioner of a fair trial and sentence; and
>
> 6. Trial errors, when considered in a cumulative fashion, warrant a new trial or a modification of Petitioner's sentence.

[Doc. No. 23-1] (Appellate Brief). The OCCA affirmed Petitioner's conviction on June 29, 2011. [Doc. No. 23-3] (Summary Opinion of OCCA).

Petitioner then filed his first application for post-conviction relief raising six claims not previously asserted on direct appeal, including an ineffective assistance of appellate counsel claim. The state district court denied the application for post-conviction relief on December 12, 2012. [Doc. No. 23-4] (Order Denying Application for Post-Conviction Relief). Petitioner attempted to appeal the denial of his first application for post-conviction relief, but the OCCA declined jurisdiction based on a procedural error—the untimely filing of the petition in error. [Doc. No. 23-5] (Order Declining Jurisdiction).

Petitioner then filed his second application for post-conviction relief seeking a post-conviction appeal out-of-time. The state district court denied the second application for post-conviction relief. [Doc. No. 23-6] (Order Denying Application for Post-Conviction Relief). On appeal, the OCCA affirmed the state district court decision, barring Petitioner's attempt to appeal the denial of his application for post-conviction relief. [Doc. No. 23-7] (Order Denying Application for a Post-Conviction Appeal Out of Time).

## II. Petitioner's Grounds for Federal Habeas Corpus Relief

In this federal habeas petition, Petitioner raises twelve grounds for relief—all grounds raised in his direct appeal to the OCCA, as well as all of the procedurally defaulted claims raised in his first application for post-conviction relief:

- Ground I: Time limitations placed on trial counsel during *voir dire* violated Petitioner's right to due process under the federal and state constitutions.

- Ground II: Discriminatory use of peremptory challenges against minority jurors by the State resulted in an unfair trial.

- Ground III: The State failed to comply with the Oklahoma Criminal Discovery Code and Okla. Stat. tit. 21, § 701.10 when the prosecutors failed to give an adequate summary of the expected expert testimony of Everett Baxter.

- Ground IV: The admission of testimonial hearsay statements made by Harold Redding violated Petitioner's right to confront witnesses against him in violation of federal and state constitutions.

- Ground V: The admission of numerous gruesome photographs deprived Petitioner of a fair trial.

- Ground VI: Trial errors, considered in a cumulative fashion, warrant a new trial or a modification of Petitioner's sentence.

- Ground VII: Failure of the trial court to instruct the jury on the "stand your ground" law, pursuant to Okla. Stat. tit. 21, §1289.25, deprived Petitioner of a fair trial in violation of the Fifth, Sixth and Fourteenth Amendments.

- Ground VIII: Petitioner is factually and legally innocent, and his conviction is a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right.

- Ground IX: Petitioner was denied the right to represent himself at trial in violation of the Fifth, Sixth and Fourteenth Amendments.

- Ground X: The trial court erred in failing to allow Petitioner to acquire substitution of counsel, in violation of the Sixth Amendment.

- Ground XI: Trial counsel was ineffective because counsel informed the jury that Petitioner was a known drug addict.

- Ground XII: Petitioner received ineffective assistance of appellate counsel.

[Doc. No. 1] at 5-24.

## III. Grounds Raised on Direct Appeal

Petitioner's grounds for relief that were raised on direct appeal are subject to review under the standards set forth in the Anti-terrorism and Effective Death Penalty act of 1996 (AEDPA). Under AEDPA, this Court may grant a Petitioner habeas relief only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Under this standard, judicial review is directed to the result of the state appellate court's decision, not the reasoning. *See Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004) ("[W]e defer to the [state court's] decision unless we conclude that its result—not its rationale—is 'legally or factually unreasonable.'").

Whether the law is clearly established is a threshold inquiry. *See House v. Hatch*, 527 F.3d 1010, 1017-1018 (10th Cir. 2008). The absence of clearly established federal law is dispositive of the § 2254(d)(1) analysis. *Id.* at 1017. Thus, only if the court determines that the law is clearly established does it proceed to determine whether the state court decision is either contrary to or an unreasonable application of that law. *Id.* at 1018.

A state court's determination is contrary to clearly established federal law if it applies a rule that contradicts the law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but arrives at a different result. *Williams v. Taylor*, 529 U. S. 362, 405-406 (2000). "A legal principle is 'clearly established'

within the meaning of this provision only when it is embodied in a holding of [the United States Supreme Court.]" *Thaler v. Haynes*, 531 U.S. 43, 47 (2010).

A state court's determination involves an unreasonable application of clearly established federal law if it identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts in the Petitioner's case. *Williams*, 529 U.S. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

A.      **Restrictions on *Voir Dire***

Petitioner challenges the trial judge's limitation on the amount of time each side would have for *voir* dire. [ECF No. 1] at 8. The trial judge informed the parties before trial that each side would be limited to thirty minutes of *voir dire*. Petitioner's trial counsel objected, citing a state law case suggesting a limitation on *voir dire* could potentially render a defendant's trial unfair. The OCCA determined on appeal that the trial court did not abuse its discretion in limiting *voir dire*.

> In Proposition One, Appellant challenges the trial court's limitations on *voir dire* examination. The manner and extent of *voir dire* is within the discretion of the trial court[,] and the trial court's *voir dire* rulings will not be disturbed on appeal unless the court's decision was clearly erroneous or manifestly unreasonable. There is no abuse of discretion if the *voir dire* questioning is broad enough to afford the defendant a jury free of outside influence, bias or personal interest. We find no abuse of discretion in the trial court's limitations on *voir dire*. Proposition one is denied.

[Doc. No. 12-3] at 2 (internal citation omitted). The authoring Judge did, however, add a cautionary footnote to the Summary Opinion:

> The Constitution and Oklahoma Statutes certainly do not guarantee a defendant the right to *voir dire* examination of any particular length in a given case. However, I am deeply troubled by this trial court's pre-determined thirty (30) minute time limitation on *voir dire* examination in a murder case, which pressed the very bounds of judicial propriety. I will analyze a trial court's limitations on *voir dire* examinations in light of the constitutional guarantee to a fair and impartial trial; and when arbitrary time limitations become prejudicial to that constitutional right, I will not hesitate to vote for reversal.

[Doc. No. 12-3] at 2 n. 2.

"In a petition for habeas, our inquiry into the conduct of *voir dire* is limited to whether the trial court's restriction on *voir dire* rendered the trial fundamentally unfair." *Mayes v. Gibson*, 210 F.3d 1284, 1292 (10th Cir. 2000) (*citing Mu'Min v. Virginia*, 500 U.S. 415, 425-26 (1991)). A defendant's right to an impartial jury includes the right to an adequate *voir dire* to identify unqualified jurors. *Morgan v. Illinois*, 504 U.S. 719, 729, (1992); *Moore v. Gibson*, 195 F.3d 1152, 1170 (10th Cir. 1999). The trial court, however, retains great latitude in conducting *voir dire*, *Mu'Min*, 500 U.S. at 424, and the Constitution does not require an additional opportunity to make a searching inquiry. *See Moore*, 195 F.3d at 1170.

In this case, the trial court questioned the prospective jurors extensively, eliciting a great deal of information before the parties began their questioning. [Doc. No. 12-8] at 6-149.[1] A review of the trial transcript of *voir dire* supports the OCCA's finding that in this case, the limitations on *voir dire* did not render Petitioner's trial fundamentally unfair. The decision of the OCCA is neither contrary to, nor an unreasonable application of Supreme Court law.

---

[1] Document 12-8 consists of relevant pages from the transcript of Petitioner's jury trial. The pagination throughout this Report and Recommendation is that assigned by this Court's Electronic Case Filing System.

B.   **Discriminatory Use of Peremptory Challenges against Minority Jurors**

Petitioner contends the State exercised peremptory challenges in a racially discriminatory manner in violation of the Fourteenth Amendment's Equal Protection Clause and *Batson v. Kentucky,* 476 U.S. 79 (1986).[2]  [ECF No. 1] at 6.  The OCCA found no error:

> We review a trial court's *Batson* rulings for an abuse of discretion, since the trial court has the unique benefit of being able to personally assess the demeanor of the panelist in question, insofar as those factors bear on the prosecutor's explanation for that strike.  *Grant v. State*, 2009 OK CR 11, ¶26, 205 P.3d 1, 14.  The prosecutor gave race-neutral explanations for each of the allegedly discriminatory peremptory challenges, and the trial court found the challenges were race-neutral.

[Doc. No. 12-3] at 2-3.

On appeal and in this habeas action, Petitioner challenged the peremptory strike of Dr. Thompson, an African American female.  Dr. Thompson's son was on probation and would be appearing in court in a month.  She had also been a party in a juvenile case in the past year that one of the district attorneys in court had prosecuted.  [Doc. No. 12-8] at 13, 38.  The trial court determined these reasons for the peremptory strike were race-neutral, and the OCCA affirmed that decision.

Petitioner next challenges the peremptory strike against Ms. Sims.  During the trial court's questioning, the judge questioned Ms. Sims about her apparent "lack of enthusiasm." [Doc. No. 12-8] at 129.  The prosecution's reasons for peremptorily striking Ms. Sims were her lack of enthusiasm combined with the fact that her nephews had criminal charges pending against them, and she said she did not know whether they had been treated fairly.  [Doc. No. 12-8] at 184.  These were the explanations the prosecutor proffered.  The trial court accepted these reasons as race-neutral, and the OCCA affirmed.

---

[2] In *Batson*, the Supreme Court held, "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race." *Batson* at 89.

Petitioner next challenges the peremptory strike of Ms. Sakil. During *voir dire*, Ms. Sakil stated she had three drug-addicted grandsons who had been prosecuted in Oklahoma County and were currently in the penitentiary. [Doc. No. 12-8] at 43-44. These were the explanations given by the prosecution for striking Ms. Sakil. [Doc. No. 12-8] at 185. The trial court accepted these reasons as race-neutral, and the OCCA affirmed.

The last of Petitioner's challenges to removal of jurors involved the alternative juror, Mr. Thomas. During *voir dire*, Mr. Thomas stated his son was in the Oklahoma County jail on assault and drug charges. [Doc. No. 12-8] at 47. Regarding his son's previous conviction, Mr. Thomas stated he did not believe his son had been treated fairly because several people were in the apartment where his son was arrested, but his son was the only one arrested. [Doc. No. 12-8] at 49. The prosecutor's reason for striking Mr. Thomas was his attitude about his son's previous conviction that Mr. Thomas believed was unfair. [Doc. No. 12-8] at 186. The trial court accepted the prosecutor's reason for striking Mr. Thomas as race-neutral, and the OCCA affirmed.

For each peremptory strike of an Africa American juror, the prosecutor offered reasons that did not include the prospective juror's race. The OCCA reasonably applied Supreme Court law in deciding this issue, and the decision was not contrary to the holding in *Batson*. Habeas relief is not warranted on this ground.

C.      **Failure of Prosecution to Comply with Criminal Discovery Code**

Petitioner contends his Fifth and Fourteenth Amendment rights were violated because the prosecution did not provide defense counsel with an adequate summary of the anticipated testimony of Everett Baxter, a crime scene investigator who testified as an expert witness. [Doc.

8

No. 1] at 8.  According to Petitioner, the prosecutor violated the Oklahoma Criminal Discovery Code and Okla. Stat. tit. 22, § 2002(E)(2).  *Id.*

The OCCA rejected Petitioner's argument on direct appeal:

In Proposition III, Appellant claims that the State violated the Oklahoma Criminal Discovery Code when the prosecutor failed to give a summary of the anticipated expert testimony of a crime scene investigator.  Contrary to Appellant's claim, the prosecutor provided a cursory pre-trial notice of the investigator's anticipated testimony.  Defense counsel never interviewed the witness, and announced ready for trial without seeking additional information.  After claiming surprise from the testimony and seeking a mistrial, defense counsel commenced cross-examination of the witness after an overnight recess, without seeking a continuance to consult an expert or prepare additional cross-examination.

The Criminal Discovery Code, 22 O.S. Supp. 2002, § 2002(E)(2) provides the trial court with several remedies for non-disclosure, including granting inspection or discovery, granting a continuance, exclusion of evidence, or "such other order as it deems just under the circumstances."  The trial court deemed the alleged lack of notice too insubstantial to require a mistrial.  There is no abuse of discretion.  Even if the State's non-disclosure violated the Discovery Code, the error is clearly harmless.  Appellant has not shown how more specific disclosure would have permitted rebuttal by a defense expert, or a better prepared cross-examination.  Proposition Three requires no relief.

[Doc. No. 12-3] at 3-4.

Although Petitioner attempts to present this claim as a constitutional violation, it is not:

[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (*citing* 28 U.S.C. § 2241); *see also, Rose v. Hodges*, 423 U.S. 19, 21, (1975).  Generally, as the Tenth Circuit Court of Appeals has noted, "federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence."  *Wilson v. Sirmons*, 536 F.3d 1064, 1101 (10th Cir. 2008), opinion reinstated sub nom. *Wilson v. Workman*, 577 F.3d 1284 (10th Cir. 2009) (internal citations omitted).

9

Additionally, the Supreme Court has held "'the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded.'" *Gray v. Netherland*, 518 U.S. 152, 168 (1996) (*quoting Wardius v. Oregon*, 412 U.S. 470, 474 (1973). In *Weatherford v. Bursey*, 429 U.S. 545 (1977), the Supreme Court held "[t]here is no general constitutional right to discovery in a criminal case[.]"[3]

In this case, the OCCA deemed the "cursory" summary of the expert witness's testimony adequate. Moreover, the alleged error involves interpretation of state law by the state courts. Because there is no general constitutional right to discovery in a criminal case, there is no established Supreme Court law supporting Petitioner's ground for relief, and, therefore, the OCCA's opinion was not contrary to Supreme Court law. Relief on this ground is not warranted.

### D. Admission of Hearsay Statements

Petitioner challenges the admission of witnesses' testimony concerning statements made to them by the victim, Harold Redding. Petitioner contends the admission of these statements violated Petitioner's constitutional right to confront witnesses against him. [Doc. No. 1] at 10.[4] According to Petitioner, these statements were "testimonial hearsay" and should have been excluded from evidence.

---

[3] The exception to this general rule is exculpatory evidence. The prosecutor is required to disclose exculpatory evidence upon request of the defendant. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

[4] Petitioner states, "In several instances witnesses testified regarding Harold Redding's statements to them that Mr. Lowe had threatened to kill him or was scared that Mr. Lowe was going to kill him. All these statements were testimonial hearsay and should never [have] been allowed into trial. By doing so[,] it violated Petitioner's right to confront witnesses." [Doc. No. 1] at 10.

This issue was raised on direct appeal. *See* Doc. No. 12-1. The hearsay statements to which Petitioner objects were introduced into evidence through the testimony of Doris Ennis, the victim's sister, Brian Redding, the victim's son, and Elwana Redding, Brian Redding's wife. [Doc. No. 12-1] at 25. Ms. Ennis testified that Mr. Redding told her that if he did not do everything he could to get Petitioner out of jail, Petitioner would be mad enough to kill him. *Id.* Similar testimony was elicited from Brian Redding who further testified that his father had told him he was afraid of Petitioner. Elwana Redding testified to a similar statement. *Id.*

The OCCA reviewed this claim on the merits for plain error and denied relief:

> In Proposition Four, Appellant claims the admission of statements by the victim violated his constitutional right to confront the witnesses against him. *Crawford v. Washington*, 541 U.S, 36, 124 S. Ct. 1354, 128 L. Ed. 2d 177 (2004). He failed to object on these grounds at trial, and we review only for plain error. *Simpson v. State*, 1994 OK CR 40, ¶ 118, 76 P.2d 690, 694-95. The statements were admissible as evidence of the victim's state of mind and were relevant to Appellant's claim of self-defense. *Andrew v. State*, 2007 OK CR 23, ¶ 29, 164 P.3d 176, 188; *Long v. State*, 1994 OK CR 60, ¶25, 883 P.2d 167, 173. Proposition Four is denied.

[Doc. No. 12-3] at 4.

The Sixth Amendment, as made applicable to the states through the Fourteenth Amendment, states, "In all criminal prosecutions, the accused shall have the right … to be confronted by the witnesses against him[.]" U.S. Const. amend. VI, XIV. In *Crawford v. Washington*, the Supreme Court thoroughly examined the historical meaning of the Sixth Amendment's Confrontation Clause and determined that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). But the Supreme Court's holding is limited to *testimonial statements*:

> The text of the Confrontation Clause reflects this focus. It applies to "witnesses" against the accused—in other words, those who "bear testimony." 2 N. Webster,

11

> An American Dictionary of the English Language (1828). "Testimony," in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Ibid.* An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not. The constitutional text, like the history underlying the common-law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement.

*Id.* at 51.

In this case, of course, the hearsay statements made by the victim to family members were not "testimonial" within the meaning of *Crawford*. As Justice Scalia observed, such statements are not testimonial, and exception to the inadmissibility of hearsay developed under state laws do not violate the Confrontation Clause. *Id.* at 56. *See* Okla. Stat. tit. 12, §2803(3).

The OCCA determined that the statements made by the victim were statements relevant to the victim's state of mind—a firmly established exception to the inadmissibility of hearsay. *See Moore v. Reynolds*, 153 F.3d 1086, 1107 (10th Cir. 1998) (holding hearsay statements were properly admitted under the "state of mind" exception because the exception is a "firmly rooted hearsay exception.").

The reasoning of the OCCA on this issue is neither contrary to, nor an unreasonable application of Supreme Court law. Relief on this ground is not warranted.

### E. Admission of Photographs

Petitioner contends, as he did on direct appeal, that the admission of gruesome photographs was unnecessary and calculated to inflame the jury. The OCCA addressed this proposition on the merits:

> Proposition Five challenges the admission of crime scene photographs. We review the admission of evidence over a timely objection for abuse of the trial court's discretion. *Grissom v. State*, 2011 OK CR 3, § 58. Photographs may be probative of the nature and location of wounds, may corroborate the testimony of witnesses, including the medical examiner, and may show the nature of the crime scene. Gruesome crimes make for gruesome photographs, but the real issue is whether the

12

> probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or needless presentation of cumulative evidence. *Grissom v. State*, 2011 OK CR 3, § 59 (*citing* 12 O.S. §§ 2401-2403) (internal citations omitted). Admission of these photographs was not reversible error. Proposition Five requires no relief.

[Doc. No. 12-3] at 4-5.

As discussed *supra* at 9, federal habeas relief is generally not available for state law claims regarding the admission of evidence. Review of a habeas ground for relief based on the admission of crime scene photographs is limited to determining whether such photographs rendered the petitioner's trial fundamentally unfair. "The essence of our inquiry under the Fifth, Sixth, and Eighth Amendments, as applied to the states under the Fourteenth Amendment, is whether the admission of the photographs rendered the proceedings fundamentally unfair." *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999). In this case, the OCCA determined that the gruesome nature of the photographs resulted from the gruesome nature of the crime. The OCCA further found the probative value of the photographs outweighed the possible resulting prejudice. The OCCA's opinion was neither contrary to, nor an unreasonable application of Supreme Court law.

### F. Cumulative Error

Petitioner contends the cumulative effect of all the grounds for relief he asserts violated his right to a fair trial. The OCCA considered and denied this proposition on the merits:

> Proposition Six seeks reversal or modification based on the cumulative prejudicial effect of the trial court's errors. A cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. *Mitchell v. State*, 2010 OK CR 14, ¶¶128-129, 235 P.3e 640, 665. Any errors in this case, even considered in the aggregate, did not render the trial fundamentally unfair or unreliable. No relief is required.

[Doc. No. 12-3] at 5.

"A cumulative error analysis aggregates all the errors that individually might be harmless, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Thornburg v. Mullin*, 422 F.3d 1113, 1137 (10th Cir. 2005) (internal quotation marks omitted) (reviewing OCCA's cumulative error decision under AEDPA by reference to *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974), and *Le v. Mullin*, 311 F.3d 1002 (10th Cir. 2002)).

"In the federal habeas context, the only otherwise harmless errors that can be aggregated are federal constitutional errors, and such will suffice to permit relief under [the] cumulative error doctrine only when the constitutional errors committed in the state court trial so fatally infected the trial that they violated the trial's fundamental fairness." *Littlejohn v. Trammell*, 704 F.3d 817, 868 (10th Cir. 2013) (citations and internal quotations omitted). In this case, there were no errors to accumulate. Therefore, the OCCA's decision is neither contrary to, nor an unreasonable application of Supreme Court law.

## IV. **Procedurally Barred Claims**

The remaining grounds for relief in this habeas action were raised for the first time in Petitioner's application for post-conviction relief. The state district court reviewed the application and determined that the first five propositions for relief "could have been raised in his direct appeal but were not." [Doc. No. 12-4] at 4.

As for Petitioner's ineffective assistance of appellate counsel claim, the state district court properly noted that this claim could not have been raised in Petitioner's direct appeal, considered the merits of that claim and denied post-conviction relief:

> In his proposition of ineffective assistance of appellate counsel, petitioner's generalized proposition that his appellate counsel failed to advance all possible reasons on direct appeal showing the trial was fundamentally unfair and failed to raise ineffective assistance of trial counsel as a proposition of error in his direct

14

appeal doesn't demonstrate that appellate counsel's representation fell below an objective standard of reasonableness <u>and</u> that there is a reasonable probability that, but for counsel's errors, the results of his direct appeal would have been different. Petitioner has the burden to prove both conditions in order to prevail on a claim of ineffective assistance of appellate counsel. *Fowler v. State*, 1995 OK CR 29, 896 P.2d 566; *Wiley v. State*, 2008 OK CR 30, 199 P.3d 877.

[Doc. No. 12-4] at 4.[5]

Petitioner attempted to appeal the denial of post-conviction relief to the OCCA in Case No. PC-2013-40. The OCCA declined jurisdiction on February 4, 2013, because Petitioner's post-conviction appeal was not timely filed. [Doc. No. 12-5].

Petitioner returned to the state district court and filed a second application for post-conviction relief that the state court construed as an application for post-conviction relief seeking an appeal out of time. The state court denied the post-application relief. [Doc. No. 12-6]. The OCCA affirmed the denial of the application for an appeal out of time. [Doc. No. 12-7].

A federal habeas claim may be barred by a petitioner's procedural default in state court "pursuant to an independent and adequate state procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[T]he [independent and adequate state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 729-30.

Under well-established Oklahoma State law, the state court found Petitioner had waived his first five grounds for post-conviction relief because they could have been asserted on direct appeal:

> The Post-Conviction Procedure Act, 22 O.S. 2011 § 1080 et seq., is neither a substitute for a direct appeal nor a means of providing a second direct appeal.

---

[5] Although the state district court cited state law, the standard embodied in those state court decisions is the same as the standard in *Strickland v. Washington*, 467 U.S. 1267 (1984).

*Fowler v. State*, 1995 OK CR 29, 896 P.2d, 566*; Mains v. State*, 1979 OK CR 71, 597 P.2d 774. A claim which could have been raised on direct appeal and was not is waived. *Murphy v. State*, 2005 OK CR 25, 124 P.3d 1198; *Fowler v. State*, 1995 OK CR 29, 896 P.2d 566; *Fox v. State*, 1994 OK CR 52, 880 P.2d 370; and *Johnson v. State*, 1991 OK CR 124, 823 P.2d 823.

[Doc. No. 12-4] at 4. The Tenth Circuit Court of Appeals has recognized that Oklahoma's waiver rule is an independent and adequate state procedural bar. *See Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008); *Hale v. Gibson*, 227 F.3d 1298, 1330 (10th Cir. 2000). Therefore, the state district court properly dismissed the claims Petitioner could have raised on direct appeal.

The OCCA's dismissal of Petitioner's post-conviction appeal, including his claim for ineffective assistance of appellate counsel, was also based on both an independent and an adequate state procedural ground. The OCCA's imposition of a procedural bar based on the untimely filing of the post-conviction appeal was an "independent" state ground because it was "separate and distinct from federal law" and "the exclusive basis for the state court's holding." *See Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). Moreover, in *Johnson v. Champion*, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002), the Tenth Circuit Court of Appeals held that the OCCA's declination of jurisdiction based on Rule 5.2(C)(2)[6] constitutes an "independent and adequate state procedural ground."

As a result, federal habeas corpus review of Petitioner's six claims raised for the first time in his post-conviction application, including the ineffective assistant of appellate counsel

---

[6] "A petition in error and supporting brief … must be filed with the Clerk of this Court. The petition in error shall state the date and in what District Court the Notice of Post-Conviction Appeal was filed. If the post-conviction appeal arises from a misdemeanor or regular felony conviction, the required documents must be filed within thirty (30) days from the date the final order of the District Court is filed with the Clerk of the District Court."

Okla. Ct. Crim. App. R. 5.2

claim he defaulted by failing to timely file an appeal, is precluded, unless Petitioner can demonstrate either: (1) cause for the default and actual prejudice, or (2) that a fundamental miscarriage of justice will result if Petitioner's claims are not considered. *See Coleman*, 501 U.S. at 750; *Hale*, 227 F.3d at 1330-31.

"Cause" under the cause-and-prejudice analysis "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 752. Although Petitioner raised an ineffective assistance of appellate counsel claim that could be considered "cause" for his failure to raise the preceding five claims on direct appeal, Petitioner defaulted that claim, too, by filing an untimely post-conviction appeal. Petitioner has alleged no facts to demonstrate his failure to timely file a post-conviction appeal was "something external" to himself that he could not control.

Having failed to establish cause and prejudice to excuse his procedural default, Petitioner may obtain review of his defaulted claims only if he falls within the "narrow class of cases ... implicating a fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *see also*, *Schlup v. Delo*, 513 U.S. 298, 314 (1995).

A petitioner must support his claim of constitutional error with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. A Petitioner must then demonstrate that "in light of this new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329.

Petitioner bases his claim of actual innocence on the fact that he was allegedly inside his home when the victim attacked *him*, forcing him to stab the victim in self-defense. Petitioner claims actual innocence under Oklahoma's "stand your ground" law. [Doc. No. 12-10],

(Amended Application for Post-Conviction Relief). Petitioner's claim of "actual innocence" amounts to a claim of "legal innocence," as opposed to "actual innocence," and is insufficient to demonstrate a fundamental miscarriage of justice would result if his claims were not considered. Therefore, Petitioner has failed to demonstrate either cause and prejudice or actual, factual innocence. *See Winston v. Martin*, 608 F. App'x 689, 689 (10th Cir. 2015) ("Critically, 'actual innocence means factual innocence, not mere legal insufficiency.'") (*quoting Bousley v. United States*, 523 U.S. 614, 615 (1998)); *see also Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (recognizing that "[a]ctual innocence means 'factual innocence'"); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (defenses based on intoxication and self-defense speak to legal innocence not factual innocence).

## RECOMMENDATION

In sum, the grounds for habeas relief properly filed and exhausted by direct appeal to the OCCA, are without merit. Habeas relief on these grounds should be denied. The remaining claims, first raised in Petitioner's application for post-conviction relief are procedurally defaulted; and Petitioner has failed to establish cause and prejudice or presented new evidence tending to demonstrate he is actually innocent of the crime for which he was convicted. It is therefore recommended that the Petition [Doc. No. 1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 16, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 25th day of April 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE